Submitted on briefs June 1, affirmed August 25, petition for review denied October 5, 1972

BAKER, *Appellant, v.* STRAUMFJORD
(No. 23844), *Respondent.*
500 P2d 496

Randolph Slocum, Roseburg, for appellant.

Thwing, Atherly & Butler, Eugene, and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

This is an appeal by plaintiff from an order sustaining defendant Straumfjord's demurrer to plaintiff's third amended complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action.

Plaintiff contends that the trial judge erred in the following particulars: (1) "* * * in deciding that the Demurrer of the defendants-respondents Faust, Bernard, Damm, Hansen and Felz should be sustained in view of the 'discovery doctrine' existing in Oregon on the question of limitation of actions" and (2) "* * * in sustaining defendant-respondent Straumfjord's Demurrer to plaintiff's Third Amended Complaint."

■ Examination of the court file shows that appeal was taken only from the judgment order dated August 30, 1971, which dismissed the case as to defendant Straumfjord only. Previously, upon plaintiff's refusal to plead further after a demurrer had been sustained as to the other defendants, a judgment had been entered for those defendants on August 17, 1970. No appeal was taken from that judgment so we will not consider plaintiff's first assignment of error. ORS 19.023, 19.029, 19.033.

The sole issue involved in the Straumfjord appeal is the personal liability of a state-employed

physician for injuries allegedly sustained by a patient as a result of the physician's alleged negligence. The trial judge sustained defendant's demurrer on the ground that the defendant's acts of alleged negligence were in the performance of discretionary functions and that the defendant was therefore immune from personal liability.

According to plaintiff's allegations, defendant Dr. Straumfjord was a licensed physician and was one of several physicians employed to care for student patients at the Oregon State University infirmary. Defendant Faust was an instructor in the psychology department at the Oregon State University and conducted a course known as "sensitivity" training, involving self-analysis, which plaintiff attended. During this course plaintiff allegedly developed severe mental disturbances. He was taken to the university infirmary by defendant Faust and was there admitted as Dr. Straumfjord's patient on January 24, 1967. On the day of his admittance to the infirmary he jumped from a third floor window of the infirmary, seriously injuring himself. Plaintiff alleges that he was suffering from acute schizophrenic reaction at the time, and that both defendants were apprised and advised of this condition.

The negligence of defendant Straumfjord was alleged to be the following:

"1. In admitting plaintiff to said infirmary and in failing to supervise, guard and attend plaintiff or to adequately utilize available personnel to guard, supervise and attend plaintiff so that on January 24, 1967, he jumped from a third floor window in said hospital, seriously injuring himself.

"2. In admitting plaintiff to said infirmary and causing him to be placed in a third floor room at

said hospital when suitable space was readily available to adequately and safely provide for and confine plaintiff.

"3. In admitting plaintiff to said infirmary and causing him to be placed in a hospital room whose windows were inadequately secured, barred or guarded and which readily allowed plaintiff to pass through the same.

"4. In admitting plaintiff to said infirmary and in thereafter failing to keep him under adequate supervision and restraint until his mental inclinations and propensities were known so that safeguards might be provided.

"5. In failing to adequately instruct available personnel in the care of a person suffering from a schizophrenic reaction after plaintiff was admitted and received in said infirmary.

"6. In failing to administer sufficient tranquilization to the plaintiff to disable him from the destructive characteristics of an acute schizophrenic reaction."

■ It is our conclusion that the trial judge did not err in sustaining defendant Straumfjord's demurrer to plaintiff's third amended complaint. Plaintiff concedes that defendant Straumfjord was an employe of the state. We agree with the trial court that his acts of alleged negligence were in the performance of discretionary functions, and that he was therefore immune from personal liability under *Smith v. Cooper,* 256 Or 485, 475 P2d 78 (1970), and *Jarrett v. Wills,* 235 Or 51, 383 P2d 995 (1963).

Affirmed.